UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELIN SANCHEZ-GONZALEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:18-CV-619-RLW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on petitioner's amended petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] Petitioner seeks two days credit for every one day served in pretrial custody at the Warrenton County Jail, because she alleges the conditions of the facility constituted cruel and unusual punishment. Specifically, petitioner states that she was "deprived of personal hygiene or her duty or her diet [was] inadequate" at the Warrenton County Jail. Petitioner's petition will be denied.

First, assuming petitioner had a nonfrivolous claim for violation of her constitutional rights during her pretrial confinement at the Warrenton County Jail, this matter would properly be brought as an action under 42 U.S.C. § 1983 for violation of a constitutional right. Plaintiff did not file any such action while confined in the Warrenton

---

[1] The Court has previously dismissed this action for petitioner's failure to comply with the Court's Order dated May 24, 2018. *See* ECF Nos. 2 and 3. Petitioner states she did not receive the Order dated May 24, and attempts to comply with the Order by filing an amended petition for writ of habeas corpus. *See* ECF Nos. 4 and 5. Because her amended petition for writ of habeas corpus is legally frivolous, the Court will address its merit without regard to the fact that it is untimely filed in this closed case.

County Jail. Even if plaintiff had filed a § 1983 action, and assuming she had been successful, plaintiff's relief in such instance would be monetary damages, not a reduction in the length of her federal sentence.

Second, to the extent plaintiff is now seeking a recalculation in the length of her sentence, it is the responsibility of the BOP, once an inmate has begun serving a federal sentence, to calculate the length of the inmate's sentence. *United States v. Wilson*, 503 U.S. 329, 333–35 (1992). A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper means of challenging the BOP's computation of an inmate's sentence. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir.2006) ("Prisoners are entitled to administrative review of the computation of their credits . . . and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241.").

A petition under § 2241 may only be filed in the judicial district in which petitioner's custodian is located. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently confined in FCI Aliceville, in Aliceville, Alabama. Petitioner's custodian, therefore, is located within the Northern District of Alabama. Consequently, this Court lacks jurisdiction to grant the requested relief. Furthermore, in order to receive the relief she requests, petitioner must exhaust her administrative remedies with the BOP before filing a § 2241 petition in the proper court.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's amended petitioner for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**. [ECF No. 5]

Dated this 4th day of January, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE